L2bdsurc
                    Videoconference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

            v.                               19 Cr. 0338-3(GHW)

MANSUR MOHAMED SURUR,

                Defendant.

------------------------------x

                                             February 11, 2021
                                             11:07 a.m.


Before:

                    HON. GREGORY H. WOODS,

                                             District Judge


            APPEARANCES (via CourtCall platform)

AUDREY STRAUSS
     United States Attorney for the
     Southern District of New York
BY:  JARROD LEE SCHAEFFER
     Assistant United States Attorney

ALAIN VERNAUID MASSENA
     Attorney for Defendant


          – also present –

Marwan Abdel Rahman, Arabic Language Interpreter

L2bdsurc
                        Videoconference

 1          (Videoconference initiated)

 2          THE COURT:  This is Judge Woods.

 3          Is the court reporter on the line?

 4          THE REPORTER:  Yes, your Honor.  This is Vincent

 5   Bologna, Southern District Reporters.

 6          THE COURT:  Good.  Thank you very much.

 7          Let me just hear if each of the lawyers is on the line

 8   for the Surur case.

 9          First, is counsel for the United States on the line?

10          MR. SCHAEFFER:  Yes, your Honor.  Good morning.  This

11   is Jarrod Schaeffer.

12          THE COURT:  Thank you.

13          Is counsel for defendant on the line?

14          MR. MASSENA:  Yes, your Honor.  Good morning.  This is

15   Alain Massena for Mr. Surur.

16          THE COURT:  Good.  Thank you very much.

17          And I understand that we have an interpreter on the

18   line for Mr. Surur.

19          Can I ask you to please identify yourself?

20          MR. MASSENA:  Your Honor, the interpreter may not be

21   on the line just yet.  We're getting him the link.  He is

22   speaking to my client via phone and we're working to get him a

23   CourtCall link.

24          THE COURT:  Thank you.  I think I can see your client

25   on the video.  Bear with us for just a moment.

L2bdsurc
                        Videoconference

1            MR. MASSENA:  The interpreter informed me that he just

2    received the link, your Honor, so he should be joining us

3    shortly.

4            (Pause)

5            OK, your Honor.  We're just working out some logistics

6    with the interpreter.  He'll be calling in shortly.

7            (Pause)

8            THE COURT:  Thank you.  So, we're waiting for the

9    interpreter.

10           Is the interpreter on the line?

11           THE INTERPRETER:  This is the interpreter.

12           THE COURT:  Thank you.  So it's about 11:12 a.m.  The

13   conference was scheduled to begin at 11 a.m.

14           Let me begin with a few brief questions for you, the

15   interpreter.  First, can I just ask you to please identify

16   yourself?

17           THE INTERPRETER:  Marwan Abdel Rahman, Arabic

18   interpreter.

19           THE COURT:  Good.  Thank you very much.

20           So I would just like to ask a few brief questions

21   about your qualifications to interpret these proceedings.

22           First, at the outset, can you please tell me what your

23   native language is?

24           THE INTERPRETER:  Arabic.

25           THE COURT:  Thank you.  And how did you learn English?

L2bdsurc
Videoconference

1          THE INTERPRETER:  OK.  I started learning English in

2    middle school when I was in Egypt before I came to the United

3    States.  And after I came, I went to college.  I have a

4    master's degree in education.  And I have been interpreting for

5    courts for the last 22 years, including United States District

6    Court.  I have interpreted in some of the most high-profile

7    cases this country ever has known.

8          THE COURT:  Thank you.  Just for the benefit -- sir,

9    let me pause you.

10          THE INTERPRETER:  Yes.

11          THE COURT:  Sir, I'm not engaged in a colloquy with

12    you to establish your credentials.  Please do not be offended

13    by the fact that I'm asking these questions.  I appreciate that

14    you view yourself as qualified, but I have to ask the questions

15    to establish your credentials.  So as I am questioning your

16    credentials, this is an essential part of the process, and I

17    just want to make sure that you understand that as we're

18    engaging in this colloquy.

19          So I understand that you --

20          THE INTERPRETER:  No offense taken.

21          THE COURT:  Thank you.

22          So I understand that you studied for an undergraduate

23    degree here in the United States.  When was that?

24          THE INTERPRETER:  That actually was a graduate degree.

25    That was in 1993 to 1997.

L2bdsurc
                         Videoconference

 1                THE COURT:  Thank you.

 2                Have you undergone any formal training in simultaneous

 3       and consecutive interpreting?

 4                THE INTERPRETER:  Yes, and I have taken the exam by

 5       the State of New York, the State of New Jersey, the U.S.

 6       district court system and immigration courts.

 7                THE COURT:  Thank you.  Do you have any --

 8                THE INTERPRETER:  I'm --

 9                THE COURT:  I'm sorry.  Please go ahead.

10                THE INTERPRETER:  No, I'm done.

11                THE COURT:  Thank you.  Do you have any interpreting

12       credentials?

13                THE INTERPRETER:  Yes.  Just like I just stated, I am

14       approved by the U.S. district courts, by New Jersey State, AAC,

15       Administrative Office of the Courts by New York Unified Court

16       System, Pennsylvania, Connecticut immigration courts, and

17       that's what I remember now.  There may be others.

18                THE COURT:  Good.  Thank you very much.

19                So I conclude that you are qualified to certify here.

20       Just as a point of information, the district does not have

21       preapprovals.  Instead, each court, that is, each trial judge,

22       is supposed to go through this colloquy with each witness

23       regardless -- or each interpreter regardless of whether or not

24       they've interpreted previously.  The federal district court

25       does not have a certification program, unfortunately, for

L2bdsurc
                        Videoconference

1    Arabic.  That's the reason why.

2              THE INTERPRETER:  But we have a list of approved

3    interpreters, Judge.

4              THE COURT:  That is true, sir, and you should ask them

5    whether or not this colloquy is necessary notwithstanding the

6    fact you are on that list, if that is the question that you

7    have.  I encourage you to do so.

8              THE INTERPRETER:  Sure.

9              THE COURT:  Can I ask you, do you solemnly swear to

10   interpret these proceedings truly, fairly, and impartially to

11   the best of your ability, so help you God?

12             THE INTERPRETER:  Yes, I do.

13             THE COURT:  Good.  Thank you very much.

14             So, let's begin.  I assume for the interpreter that

15   you have a separate line through which you are connected to

16   Mr. Surur?

17             THE INTERPRETER:  Yes.  However, I have not been able

18   to interpret the conversation that we just had, your Honor, to

19   him as I was answering your questions, so I don't think he

20   understands what was said so far.

21             THE COURT:  That's fine because that was about me

22   understanding your qualifications.  We're going to begin the

23   official proceeding now with respect to which I expect that you

24   will be providing simultaneous interpretation services

25   consistent with your experience in these proceedings.

L2bdsurc
                        Videoconference

1            Are you ready to proceed?

2            THE INTERPRETER:  I am.

3            THE COURT:  Good.  Thank you very much.

4            So, just for the record, counsel for the United States

5    has appeared here.  Counsel for the defendant has also

6    appeared.

7            THE INTERPRETER:  Your Honor, I'm going to have to

8    mute one of the lines so that my simultaneous interpretation

9    does not interfere with the record.  I'm going to have to speak

10   into one line and listen to another.  So --

11           THE COURT:  Thank you.  I think that that would be

12   very prudent.  You certainly have my approval to do that, to

13   the extent that that is required.

14           THE INTERPRETER:  OK.  So I am muting myself now.

15           (Pause)

16           THE COURT:  Good.  So just for the record, we are

17   providing simultaneous interpretation services for this

18   proceeding for the benefit of Mr. Surur.

19           Mr. Surur, counsel for the United States has

20   introduced himself for the record.  Your counsel has also

21   introduced himself for the record.  I've just engaged in a

22   brief colloquy with the interpreter here to ensure that I

23   believe that he is qualified to provide simultaneous

24   interpretation services here.  I have concluded that he is

25   qualified to do so.

L2bdsurc
                        Videoconference

            What I would like to do is to ask you, Mr. Surur, if

you are able to hear what the interpreter is saying to you and

if you are able to understand what the interpreter is saying to

you here?

            THE DEFENDANT:  Yes, your Honor.

            THE COURT:  Good.  Thank you very much.

            So I'd like to begin by just saying a few brief words

about the way that we're conducting this proceeding today.

We're doing this by remote means, by video conference.

            While we're conducting this proceeding by remote

means, this is a public proceeding.  So please think of it as

if it was happening in court, as if, indeed, it was happening

in what we call open court.  I say that because any member of

the public or press is welcome to audit this conference.  I'm

not monitoring whether or not members of the public or press

are monitoring this proceeding.  so, please just keep that in

mind.

            Second, I'd like to ask each of you to please keep

your devices on mute, to the extent that you can, during these

proceedings just to help avoid unnecessary background noise.

            Third, for each of you who will be speaking to the

Court today, I'd like to ask you to state your name for the

record each time that you speak.  I ask you to do that to help

our court reporter who is transcribing these proceedings.  If

you do that, he will know who it is that's speaking before you

L2bdsurc
                    Videoconference

begin to speak, and he can write down what it is that you say

with the appropriate identification information for the person

who is speaking.  That's not necessary when we conduct a

proceeding in open court because the court reporter can see us

all, but here, because we're conducting this proceeding by

remote means, it's helpful if you each state your name

throughout the proceeding.

         I'm inviting our court reporter to let us know if he

has any difficulty hearing or understanding anything that we

say here today.  So, please don't be surprised if he asks you

to speak up or to speak more clearly.  If he does ask you to do

something that will make it easier for him to do his job, I ask

that you do it, to the extent that you can.

         And, finally, I'm ordering that there be no recording

or rebroadcast of all or any portion of today's conference.

I'm also ordering that there be no screenshots or screen grabs

or other images taken of the video component of today's

proceeding.

         So, counsel and Mr. Surur, thank you for your patience

as we got through those introductory remarks.  I'd like to turn

to a brief discussion of the reasons why it is that we're

conducting this proceeding by remote means.

         As all of you are well aware, unfortunately we are in

the midst of the COVID-19 pandemic.  I'm conducting this remote

proceeding pursuant to the authority provided by Section 15002

L2bdsurc
                              Videoconference

of the CARES Act and the standing orders issued by our Chief

Judge pursuant to that Act.  Counsel are appearing before me by

video conference.  Mr. Surur is also appearing before me by

video conference.  I understand that each of you can hear me

or, in Mr. Surur's case, that you can hear the interpreter and

through him can understand what's being said here today.

          Please let me know if at any point during today's

proceedings you have any difficulty hearing or understanding

anything that's said here.  If for any reason you can't hear

the audio, please feel free to wave.  I can see all of you

clearly on the image, and, similarly, let me know if you have

any other difficulty.  I'm happy to take any time necessary to

ensure that you can all hear and understand what's happening in

this proceeding today.

          So, let me just turn to counsel for defendant for a

brief colloquy about the defendant's willingness to proceed

with this conference by remote means.

          It will be helpful for me to hear from you, counsel

for defendant, about the reasons -- or I should say about the

presentation of the waiver of presence to the defendant.  I

have received from the defendant a waiver of right to proceed

by video conference.  That document has been signed by counsel

for defendant.  It appears to have been signed on February 10,

2021, at 1:32 p.m.

          What I would like to do is to ask you, counsel for

L2bdsurc
                              Videoconference

 1     defendant, if you advised -- if you were able to speak with

 2     your client about this consent, if you had advised him of his

 3     right to appear at this hearing, whether he understood that

 4     right, and whether he voluntarily gave up that right.

 5              So, counsel, can you please describe the circumstances

 6     in which this written consent form was presented to the

 7     defendant and the circumstances in which discussed it with him?

 8     Counsel.

 9              MR. MASSENA:  Yes, your Honor.  Good morning.

10              I had a conversation with my client via phone.  The

11     interpreter was present.  I spoke to my client about the

12     waiver, his right to be present, and, however, due to COVID

13     restrictions, to facilitate the matter proceeding forward,

14     whether he was interested in waiving his right to be present in

15     court.  And my client consented to waive his right to be

16     present in court by speaking through his interpreter.

17              THE COURT:  Very good.  And, counsel, can I ask, is

18     this your signature on the document that I described earlier?

19              MR. MASSENA:  Yes, your Honor.

20              THE COURT:  Thank you.  And I understand that you were

21     not able to obtain your's client's signature on this document.

22     Can you tell me why not?

23              MR. MASSENA:  Yes, your Honor.  I was unable to obtain

24     my client's signature on the document due to COVID

25     restrictions, your Honor.

L2bdsurc
                        Videoconference

1          THE COURT:  Thank you.  So let me turn, if I can, to

2      you, please, Mr. Surur.

3          Mr. Surur, first, did you hear what your attorney just

4      said to me?

5          THE DEFENDANT:  Yes, I did.

6          THE COURT:  Thank you.  As he just described, he's

7      provided me with a document that he has signed which states

8      that you consent to participate in this status and scheduling

9      conference by video conferencing.  Your lawyer has signed that

10     document on his behalf.

11         Do you have any objections to me signing your name as

12     well to that document, granting your consent to conduct this

13     proceeding by video conference?

14         THE DEFENDANT:  No, I have no objection.

15         THE COURT:  Thank you.  Counsel for defendant, do you

16     know of any reason why I should not sign the defendant's name

17     to this written waiver of his right to be present for this

18     proceeding?

19         MR. MASSENA:  No, your Honor.

20         THE COURT:  Good.  Thank you very much.

21         So, first, thank you for working with the interpreter

22     and the defendant with respect to this before today's

23     conference.  I find on the basis of your proffers, and on the

24     basis of the defendant's acknowledgment here, that the

25     defendant has knowingly consented to conduct this proceeding by

L2bdsurc
                        Videoconference

remote means, it was not reasonably possible for you to obtain

the written waiver from the defendant after his arraignment,

but he has authorized my signature on his behalf and I will do

so shortly following this conference.

So, counsel, thank you very much for working with me

through those preliminary matters.  What I'd like to do now is

to turn to the substance of today's conference.

There are several things that I want to accomplish

here.  First, I understand that Mr. Surur has already been

arraigned with respect to the charges against him in this case,

so, my principal goal here is to talk about how this case is

going to proceed.  In particular, I hope to talk about the

evidence that the government has collected so that we

understand what that looks like.  I want to set a schedule for

the government to produce those materials to counsel for

Mr. Surur.  And I'd like to hear from the government and

counsel for the defendant about how you wish to proceed with

this case going forward.  So, that's my agenda here.

With that established, let me turn to counsel for

defendant -- sorry, counsel for the United States first.

Counsel, we've had the opportunity to discuss this

case in the context of conferences with Mr. Surur's

codefendants, but it would be helpful I think in this context

if I could ask you to please just describe generally the nature

of this case and the charges against Mr. Surur.

L2bdsurc
                         Videoconference

1           MR. SCHAEFFER:  Certainly, your Honor.  This is Jarrod

2    Schaeffer for the United States.

3           This case involves two separate types of offenses.

4    The first is wildlife trafficking and the second is conspiracy

5    to distribute narcotics.  Unlike the other defendants in this

6    case, Mr. Surur is the first arrest and extradited defendant

7    who actually faces the additional narcotics charges.  There are

8    also several other counts in the complaint, including a

9    conspiracy to commit wildlife trafficking in which Mr. Surur is

10   charged with the other defendants.

11          This case concerns a long-running conspiracy in which

12   the individuals who participated in the wildlife trafficking

13   conspiracy conspired to traffic elephant ivory and rhinoceros

14   horns to the United States.  In addition, there are also

15   substantive charges in the indictment that reference specific

16   purchases by undercover operatives of the Fish and Wildlife

17   Service of rhinoceros horns from individuals involved in the

18   conspiracy, including Mr. Surur.

19          As I said, unlike the other defendants, Mr. Surur is

20   also charged in a conspiracy with one of the other defendants,

21   Mr. Ahed, with conspiring to transport heroin to the United

22   States as well.

23          The evidence in this case largely consists of similar

24   evidence with respect to the other defendants involved in the

25   wildlife trafficking conspiracy.  That evidence is quite

L2bdsurc
                          Videoconference

1   voluminous, and it includes documents, agent reports, bank

2   records, recordings, both video and audio, as well as a number

3   of other materials.  In addition, it includes physical

4   evidence, including rhinoceros horns that were obtained from

5   the individuals involved in the conspiracy.  With respect to

6   the narcotics trafficking charges, it also includes recordings,

7   agent reports, laboratory results, and the like.

8          I have already spoken with defense counsel for

9   Mr. Surur about getting that evidence over to Mr. Massena as

10  part of discovery as quickly as possible.  Mr. Massena has

11  kindly arranged to send a drive for defense counsel to receive

12  that material to the U.S. Attorney's Office.  As soon as we

13  receive that, we plan to load the evidence on that drive.

14  Because of COVID restrictions and because of just technical

15  specifications, that may take some time.  So, we would request

16  approximately two to three weeks simply to get the data onto

17  the drive and to get it out to defense counsel to make sure

18  that it is copied over correctly, but that process is underway.

19  We expect to receive the drive shortly, and we expect to begin

20  that procedure immediately upon receipt.

21         THE COURT:  Very good.  Thank you very much.  So I

22  expect that the government will be able to produce the

23  discovery to the defendant in approximately or no less -- no

24  more than three weeks from today.

25         Let me turn to counsel for defendant.

L2bdsurc
                          Videoconference

1          Counsel, given that description of the case and the

2     extent of discovery and the timeline for its production to the

3     defendant, what is your proposal about how we should develop

4     this case going forward?  What should I do next in order to

5     help this case proceed from the defendant's perspective?

6     Counsel for defendant?

7          MR. MASSENA:  Thank you, Judge.

8          I did send a two-terabyte hard drive to the U.S.

9     Attorney's Office, and hopefully they should be receiving that

10    by tomorrow.

11         Based on the representation that the discovery is

12    voluminous and also based on the fact that Mr. Surur is at an

13    Essex County Jail that, as far as I know, is still under COVID

14    restrictions and I don't know when those restrictions will be

15    lifted, I believe, in terms of being able to review the

16    discovery with my client and to be able to have meaningful and

17    productive conversations with my client regarding the case and

18    any motions that should be filed or may be filed --

19         THE INTERPRETER:  Your Honor, your Honor, this is the

20    interpreter.  I'm sorry to interrupt.

21         Could counsel slow down a bit, please?  I have to

22    interpret every word that he says.  Thank you.

23         MR. MASSENA:  Sure.

24         So -- Judge, you are on mute.

25         THE COURT:  Thank you.

L2bdsurc
                        Videoconference

1              Counsel, I would like to ask you to slow down just a

2     little bit if that will help our interpreter.

3              Let me just come back briefly to the interpreter.  Is

4     there anything that you are concerned that you may not have

5     captured from counsel's prior remarks that I should ask him to

6     repeat?

7              THE INTERPRETER:  No, your Honor.  Thank you.  I think

8     I've been able to capture everything.  Thank you.

9              THE COURT:  Good.  Thank you very much.

10             Counsel for defendant, please proceed.

11             MR. MASSENA:  Thank you.

12             So considering the various restrictions in terms of

13    actually being in person with my client and reviewing the

14    discovery and the length of time to receive the discovery, go

15    over the discovery, my understanding that discovery is

16    voluminous, I believe a status conference sometime within the

17    next two months to three months would give counsel a realistic

18    opportunity to review the discovery and have meaningful

19    conversations with his client -- with my client and with the

20    prosecutor.

21             I do have a question for the Court.  Has a discovery

22    coordinator been appointed in this particular case, or have

23    counsel for the other defendants requested a discovery

24    coordinator?

25             THE COURT:  Thank you.  No, they have not.

L2bdsurc
                              Videoconference

1         MR. MASSENA:  OK.

2         THE COURT:  Good.

3         So let me turn to counsel for the United States.

4    Counsel, I would like to hear your reaction to the defendant's

5    proposal here, if you wouldn't mind, please, also commenting on

6    the date of the next scheduled status conference for

7    Mr. Surur's codefendants and speaking to how the government

8    thinks we might or should align this with the proceedings for

9    Mr. Surur's codefendants.

10         Counsel for the United States, what's your view?

11         MR. SCHAEFFER:  Thank you, your Honor.

12         The government thinks that it likely makes sense to

13   try and join up Mr. Surur with the other defendants.  I

14   understand that there has been a delay because of the

15   extradition proceedings in Kenya.  However, Mr. Surur, with the

16   exception of the final charge in the indictment, is charged as

17   a member of a conspiracy, and the conspiracy is not large

18   enough, the government believes, to require severance, so it

19   would likely make sense to put those cases on the same track.

20   The current conference scheduled in this case for the remaining

21   defendants is March 15th, 2021.  I doubt, based on the size of

22   the discovery and Mr. Massena's comments, that that would be

23   sufficient time to allow him to meaningfully review it with his

24   client.

25         The government's recommendation would be that perhaps

L2bdsurc
                              Videoconference

1    we adjourn that for an additional 30 days to allow Mr. Massena

2    additional time to review.  And if it would be helpful to the

3    Court, the government would also be happy to reach out to

4    counsel for the other defendants to determine whether or not

5    they would object to an adjournment to allow the dates to be

6    aligned for all defendants.

7              THE COURT:  Very good.  Thank you very much.

8              MR. MASSENA:  I would say that that's reasonable as

9    well, your Honor.

10             THE COURT:  Good.  Thank you very much.  That was

11   Mr. Massena.

12             Good.  Bear with me for just a moment, please.

13             (Pause)

14             So then I understand that the proposal is that we

15   schedule a conference for the future.  That conference would

16   happen sometime around April 12.  I'm happy to do that.  My

17   proposal would be to provisionally schedule the conference for

18   Mr. Surur to take place on Monday, April 12, at 9 a.m.

19             Counsel, does that date and time work for each of you?

20             (Pause)

21             MR. SCHAEFFER:  With respect to the government, your

22   Honor, if possible, I would request a date the following week

23   only because I'm scheduled to be on trial that week.  That

24   said, I'm not the only A.U.S.A. on the case, and we defer to

25   the Court and to defense counsel as to what's most convenient.

L2bdsurc
Videoconference

1   So, the government will make it work if that's the date that is

2   most convenient for everyone else.

3             MR. MASSENA:  This is Alain Massena for the defense.

4   April 12th is fine for me, your Honor.  I am also available

5   April 19th as well.

6             THE COURT:  Thank you.  Good.

7             So I think that I should be able to do it on

8   April 19th, let's say, at 11 a.m.  So, counsel, I'll set a

9   schedule for us to conduct the hearing -- the next scheduled

10  hearing for April 19 at 11 a.m.

11            What I would ask, counsel for the United States, is

12  that you please reach out to counsel for Mr. Surur's

13  codefendants.  If they're willing to -- or they wish to request

14  an extension of the date for their next scheduled conference,

15  then the government and each of the defendants can request that

16  extension, together with the attached exclusion of time,

17  through the April 19 date that I've just established so that we

18  could have our next conference with all of the defendants

19  joined together.

20            Depending on the facilities where the other defendants

21  are located, it may be that it would be -- it won't be possible

22  to do it on April 19th because different facilities are

23  permitting video conferences and remote conferences on

24  different days of the week.  If it is the case that in order

25  for us to align their conferences with this one, we must change

L2bdsurc
                          Videoconference

1    this conference date to a different date, please just let me

2    know that in a letter with the views of each of the defendants'

3    counsel and I will work to set another schedule that will work

4    for all defendants.  Please do let me know what the position is

5    of the other codefendants on the exclusion of time, and I will

6    take up any application to adjourn that conference when it

7    comes in in writing.

8           For purposes of this conference, however, I will set

9    another status conference for April 19 at 11 a.m.  At that

10   time, my hope is that counsel for defendant will have the

11   opportunity to review the discovery and to begin to consider

12   what motions, if any, may be appropriate here.  We will need to

13   begin putting in place a motion schedule and perhaps even a

14   trial schedule, and so I hope that you will be prepared to

15   discuss any motions that you may contemplate and we will set a

16   motion schedule -- a hearing schedule, if necessary, and

17   possibly a trial date.

18          So, counsel, is there anything else that either of you

19   would like to bring to my attention before we turn to the

20   discussion of the speedy trial clock?  First, counsel for the

21   United States?

22          MR. SCHAEFFER:  No.  Thank you, your Honor.

23          THE COURT:  Thank you.

24          Counsel for defendant?

25          MR. MASSENA:  No, your Honor.

L2bdsurc
                          Videoconference

1              THE COURT:  Thank you.

2              Before we turn to the speedy trial clock, I just want

3    to remind the prosecution of its obligations under Brady.

4              I direct the prosecution to comply with its

5    obligations, under Brady v. Maryland and its progeny, to

6    describe to the defense all information, whether admissible or

7    not, that is "favorable to" the defendant "material either to

8    guilt or to punishment," and known to the prosecution.

9    Possible consequences for noncompliance may include dismissal

10   of individual charges or the entire case, exclusion of

11   evidence, and professional discipline or Court sanctions on the

12   attorney responsible.  I will be entering a written order more

13   fully describing this obligation and the possible consequences

14   of failing to meet it, and I direct the prosecution to review

15   and comply with that order.

16             Counsel for the United States, does the government

17   confirm that it understands its obligations and will fulfill

18   them?

19             MR. SCHAEFFER:  Yes, your Honor.

20             THE COURT:  Thank you.

21             I will enter a written order confirming that again at

22   some point shortly following this proceeding.

23             Counsel for the United States, is there an application

24   with respect to the exclusion of time under the Speedy Trial

25   Act?

L2bdsurc
                    Videoconference

1              MR. SCHAEFFER:  Yes, your Honor.  The Court -- or the

2   government would ask the Court to exclude time under the Speedy

3   Trial Act between now and the date of the next conference,

4   April 19, 2021, in order to allow the government to assemble

5   and produce discovery to the defendant and to allow his counsel

6   to consult with him to review that discovery and determine

7   what, if any, motions they wish to file.

8              THE COURT:  Good.  Thank you.

9              Counsel for defendant, do you consent to the exclusion

10  of time?

11             MR. MASSENA:  Alain Massena for the defendant.  I

12  consent, your Honor.

13             THE COURT:  Thank you.

14             I will exclude time from today until April 19, 2021.

15  After balancing the factors specified in 18 United States Code,

16  Section 3161(h)(7), I find that the ends of justice served by

17  excluding such time outweigh the best interests of the public

18  and the defendant in a speedy trial because it will allow time

19  for the production of discovery and the review of those

20  materials by the defendant, it will allow time for the

21  defendant to consider any potential motions.

22             Very good.  Is there anything else that we need to

23  take up before we adjourn this proceeding?  First, counsel for

24  the United States?

25             MR. SCHAEFFER:  No.  Thank you, your Honor.

L2bdsurc
                          Videoconference

1              THE COURT:  Thank you.

2              Counsel for defendant?

3              MR. MASSENA:  No, your Honor.

4              THE COURT:  Thank you all very much.

5              This proceeding is adjourned.

6              MR. MASSENA:  Thank you.

7              (Adjourned)