UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MANSUR MOHAMED SURUR,
    a/k/a "Mansour,"

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/1/2022
```

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S1 19 Cr. 338 (GHW)

      WHEREAS, on or about June 22, 2021, MANSUR MOHAMED SURUR, a/k/a "Mansour," (the "Defendant"), among others, was charged in a five count Superseding Indictment, S1 19 Cr. 338 (GHW) (the "Indictment"), with conspiracy to commit wildlife trafficking, in violation of Title 18, United States Code, Sections 371 and 3238 (Count One); wildlife trafficking in violation of Lacey Act, in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B), and Title 18, United States Code, Sections 3238 and 2 (Counts Two and Three); money laundering conspiracy, in violation of Title 18, United States Code, Sections 1956(h) and 3238 (Count Four); and narcotics conspiracy, in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 3238 (Count Five);

      WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, (1) pursuant to Title 16, United States Code, Section 3374(a) and Title 28, United States Code, Section 2461, of all wildlife imported, exported, transported, sold, received, acquired, and purchased that was involved in a violation of Title 16, United States Code, Section 3372, and all vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, and purchasing of wildlife that was involved in such violation; and (2) pursuant to Title 16, United States Code, Section 1540(e)(4) and Title 28, United States Code, Section 2461, all wildlife taken, possessed,

sold, purchased, offered for sale and purchase, transported, delivered, received, carried, shipped, exported, and imported that was involved in a violation of Title 16, United States Code, Section 1538, and all guns, traps, nets, and other equipment, vessels, vehicles, aircraft, and other means of transportation used to aid the taking, possessing, selling, purchasing, offering for sale or purchase, transporting, delivering, receiving, carrying, shipping, exporting, and importing of any wildlife that was involved in such violation;

WHEREAS, the Indictment included a forfeiture allegation as to Count Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Five of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Indictment;

WHEREAS, on or about June 1, 2022, the Defendant pled guilty to Counts One and Five of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Five, of the Indictment and agreed to forfeit to the United States, pursuant to Title 16, United States Code, Sections 1540(e)(4) and 3374(a), and Title 28, United States Code, Section 2461, all wildlife imported, exported, transported, sold, received, acquired, and purchased that was involved in a violation of Title 16, United States Code, Section 3372, and all wildlife taken, possessed, sold, purchased, offered for sale and purchase, transported, delivered, received, carried, shipped, exported, and imported that was involved in a violation of Title 16, United States Code, Section 1538, including all right, title,

and interest of the Defendant in the following specific property seized by the U.S. Fish & Wildlife Service ("USFWS") in connection with the offenses charged in Count One:

   a. One black rhinoceros horn received by the USFWS on or about March 16, 2018, which is currently in the custody of the USFWS;

   b. Two white rhinoceros horns received by the USFWS on or about July 17, 2018, which are currently in the custody of the USFWS;

(a. and b., collectively the "Specific Property"). The Defendant further admits the forfeiture allegation with respect to Count Five of the Indictment and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money equal to $1,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count Five of the Indictment;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes wildlife trafficked in connection with the offense charged in Count One of the Indictment;

WHEREAS, the Defendant further consents to the entry of a money judgment in the amount of $1,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Five of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Five of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Sagar K. Ravi and Jarrod L. Schaeffer, of counsel, and the Defendant, and his counsel, Alain V. Massena, Esq. and Angus James Bell, Esq., that:

1. As a result of the offense charged in Count Five of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Five of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, MANSUR MOHAMED SURUR, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money

Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____        5/25/22
      SAGAR K. RAVI                          DATE
      JARROD L. SCHAEFFER
      Assistant United States Attorneys
      One St. Andrew's Plaza
      New York, NY 10007
      (212) 637-2195/2270

MANSUR MOHAMED SURUR

By: _____        06/01/22
      MANSUR MOHAMED SURUR                  DATE

By: _____        06/01/22
      ALAIN V. MASSENA, ESQ.                DATE
      Attorney for Defendant
      30 Broadway
      New York, NY 10007

By: _____        _____
      ANGUS JAMES BELL, ESQ.                DATE
      30 Broadway, 8th Floor
      New York, NY 10006

SO ORDERED:

_____              June 1, 2022
HONORABLE GREGORY H. WOODS                   DATE
UNITED STATES DISTRICT JUDGE